IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| AMUIR SEKOU CLAUSELL, | ) | Cause No. CV 09-24-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION OF |
| MIKE FERRITER; MIKE MAHONEY, | ) | U.S. MAGISTRATE JUDGE |
| | ) | |
| Respondents. | ) | |

On March 6, 2009, Petitioner Amuir Sekou Clausell filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Clausell is a state prisoner proceeding pro se.

Clausell filed his first habeas petition in this Court on February 16, 2005; it was assigned Cause No. CV-05-30-RWA. He challenged his 1998 conviction for deliberate homicide in Montana's Thirteenth Judicial District Court, Yellowstone County. The habeas petition and a certificate of appealability were denied on the merits on November 7, 2006. Clausell, represented by counsel Steven Jay Rozan, filed a notice of appeal thirty-

four days later. The Ninth Circuit Court of Appeals dismissed the appeal as untimely. On October 24, 2007, Clausell filed a motion in this Court to reopen the time for appeal. The motion was denied on November 6, 2007. See Clausell v. Slaughter, No. CV 05-30-BLG-RFC (D. Mont.).

In the instant petition, Clausell attempts to state a claim for ineffective assistance of counsel, based on Rozan's failure to file a timely notice of appeal from this Court's denial of his habeas petition in 2006.[1] Clausell's Sixth Amendment right to the effective assistance of counsel terminated when the Montana Supreme Court decided his direct appeal. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); see also State v. Clausell, 22 P.3d 1111 (Mont. 2001). "The right to appointed counsel extends to the first appeal of right, and no further." 481 U.S. at 555. Thus, Clausell cannot state a claim under the Sixth Amendment even though counsel's performance in collateral proceedings was deficient.

What Clausell seeks is further review of his 1998 conviction for

---

[1] Clausell also states that his conviction became final on April 25, 2007. Pet. at 5. That is incorrect. A conviction becomes final upon the expiration of the time for direct review or the time for seeking such review. Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). In Clausell's case, that occurred on July 17, 2001. Since that time, he has been engaged in what are called "collateral" proceedings, not direct review.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

deliberate homicide. His petition is therefore the second he has filed regarding his 1998 deliberate homicide conviction. A district court may not consider a second § 2254 petition unless the petitioner obtains authorization from the Court of Appeals. 28 U.S.C. § 2244(b). Clausell sought authorization, but leave was denied on July 16, 2008. Clausell v. Slaughter, No. 08-71809 (9th Cir. filed Apr. 30, 2008). Thus, this Court lacks jurisdiction to consider his second § 2254 petition. Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curiam).

II. Certificate of Appealability

The foregoing analysis is based on a clear statutory imperatives. Any reasonable jurist would conclude that the instant petition is an unauthorized second § 2254 petition. A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

RECOMMENDATION

1. Clausell's petition (doc. 1) should be DISMISSED as an unauthorized second petition.

2. A certificate of appealability should be DENIED.

3. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Clausell must immediately notify the Court of any change in his mailing address</u>. Failure to do so may result in dismissal of this action without notice to him.

DATED this 24th day of March, 2009.

/s/ *Carolyn S. Ostby*
Carolyn S. Ostby
United States Magistrate Judge